UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VANNY TEANG,

        Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of the
Social Security Administration,

        Defendant.

Case No. C09-15-RAJ-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Vanny Teang seeks judicial review of the denial of her application for supplemental security income benefits by the Commissioner of the Social Security Administration. Because the ALJ, at step two, erred in finding that plaintiff's depression, PTSD and stroke were not severe impairments, the Court recommends the Commissioner's decision be REVERSED and REMANDED for further proceedings consistent with this Report and Recommendation.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a 56 years old Cambodian refugee who came to the United States in 1982. Tr. 160, 161. She has a second grade education and past work experience as a janitor. Tr. 47, 69, 81. On May 4, 2005, plaintiff applied for supplemental security income. Tr. 17. Her application was denied initially and on reconsideration. Tr. 40, 43. Plaintiff requested a hearing. Tr. 516. After conducting a hearing on April 15, 2008, the ALJ found plaintiff not disabled. Tr. 17-23. The Appeals Council denied review of that decision, making it the Commissioner's final decision

under 42 U.S.C. § 405(g). Tr. 3.

## II. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since May 31, 2004, the application date. Tr. 19.

At step two, the ALJ found that plaintiff had the following severe impairments: diabetes mellitus and hypertension. *Id.*

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 21.

Before proceeding to step four, the ALJ found that plaintiff had the residual functional capacity to perform light work. *Id.*

At step four, the ALJ found that plaintiff could perform her past relevant work as a janitor. *Id.* at 23. Accordingly, the ALJ found that plaintiff was not disabled because she can perform her past relevant work. *Id.*

## III. STANDARD OF REVIEW

This Court may set aside the Commissioner's denial of disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining

credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that the Court must uphold. *Id.*

## IV.  DISCUSSION

**A.  The ALJ erred at step two in finding that Plaintiff's depression, PTSD, and stroke were not severe impairments.**

Plaintiff contends she suffers from Post Traumatic Stress Disorder (PTSD), depression, and had a stroke. Dkt. 11. The ALJ, at step two, however, found plaintiff had no mental disorders and there was no "medically established diagnoses of stroke." Tr. 20. Plaintiff contends the ALJ erred by failing to give sufficient reasons to reject the opinions of plaintiff's treating doctor, Andrea Chun, M.D., and plaintiff's examining doctors, Tobias Dang, M.D., and James Czysz, PsyD. Dkt. 11 at 4-11.

Andrea Chun M.D. is plaintiff's treating doctor. Tr. 173-318. Dr. Chun diagnosed plaintiff with diabetes, hypertension, depression, and post-traumatic stress disorder. Tr. 307. In 2004, Dr. Chun noted plaintiff had six months of insomnia, bilateral generalized weakness and fatigue. In June 2004, Dr. Chun wrote plaintiff's

> Depression continues to be a problem for her. She is no longer taking her paxil . . . She admits to having some nightmares that interrupt her sleep related to memories of the khymer. She denies being physically harmed herself but continues to have visions of the dead bodies and starvation sheexperienced. She also endorsed depressed mood, anhedonia and easy agitation.

Tr. 231. Dr. Chun opined that plaintiff "clinically appears depressed and she has symptoms of

REPORT AND RECOMMENDATION – 3

PTSD as well." Tr. 231. Dr. Chun's medical records also indicate that CT scans of plaintiff's head, taken in 2003 and 2005, show plaintiff has suffered from bilateral lacunar infarctions, a type of stroke. Tr. 280 293.

Generally, the ALJ must give the opinions of treating physicians greater weight than the opinions of other doctors such as examining or non-examining doctors. Treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir.1996). To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.1995). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id*.

Although Dr. Chun is plaintiff's treating physician, the ALJ's decision fails to mention Dr. Chun, her treatment of plaintiff, or her opinion that plaintiff suffers from depression and PTSD. The ALJ may not reject Dr. Chun's opinions, without providing clear and convincing or specific and legitimate reasons, nor may he reject the doctor's opinions without considering and commenting on them. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Accordingly, the Court finds the ALJ's conclusion that plaintiff does not suffer from depression and PTSD is not supported by substantial evidence because the ALJ did not give any reasons for rejecting Dr. Chun's diagnoses.

Tobias Dang, M.D. and James Czysz, PsyD. performed psychiatric and psychological evaluations. Tr. 19. Dr. Dang diagnosed plaintiff with "depressive disorder status post stroke, and dementia status post stroke, with a GAF score of 45." Tr. 19. Dr. Czysz diagnosed plaintiff with "depression NOS, cognitive disorder NOS, and rule out post traumatic stress disorder, with a

REPORT AND RECOMMENDATION – 4

Global Assessment of Functioning score of 40." *Id.* The Commissioner argues because plaintiff made fraudulent statements to the doctors, the ALJ properly rejected the doctors' opinions pursuant to 42 U.S.C. § 1383(e)(7)(iii). Dkt. 13 at 8-10. However, the ALJ neither found plaintiff had committed fraud nor stated he was relying on § 1383(e)(7)(iii) as grounds to reject the doctors' opinions. Accordingly, the Court concludes that section was not the basis for the ALJ's decision.

Instead, the Court concludes the ALJ rejected the doctors' opinions because the ALJ found the evidence showed plaintiff was functioning at a higher level than found by the doctors. Tr. 20. That evidence includes plaintiff's gambling activities, her ability to travel to and from casinos, going to the gym to exercise 20 to 60 minutes each day, and being "busy with her grandson." Tr. 20. These are specific and legitimate reasons that are supported by substantial evidence to reject the doctors' opinions regarding depression and PTSD as severe impairments. However, these reasons do not cure the ALJ's error in failing to provide reasons for rejecting Dr. Chun's diagnosis and opinions.

The ALJ also rejected Dr. Dang's opinions about plaintiff's stroke finding "there is almost nothing in the medical record regarding the claimant's alleged cardiovascular accident." *Id.* However, CT scans of plaintiff's head, taken in 2003 and 2005, establish plaintiff has suffered from bilateral lacunar infarctions, a type of stroke. Tr. 280 293. The 2003 CT report states that "[t]here are at least five bilateral, small, rounded, periventricalar hypodensities that likely represent old lacunar infarcts." Tr. 293. The 2005 CT reports "[d]oes have old lacunar infarcts." Tr. 280. Accordingly, the ALJ's conclusion that plaintiff "does not have a medically established diagnoses of CVA" is not supported by substantial evidence and erroneous.

At step two of the evaluation process, plaintiff must simply show that she suffers from impairments that impose more than *de minimis* restrictions on her ability to perform basic work

REPORT AND RECOMMENDATION – 5

functions. This slight showing was demonstrated with respect to plaintiff's depression, PTSD, and diagnoses of stroke or SVA. Accordingly, the ALJ erred at step two and remand is appropriate.

The Court will not address the other issues plaintiff raised because the case should be remanded for further proceedings at step two. On remand, the ALJ will necessarily have to reevaluate plaintiff's credibility, the credibility of lay witnesses, plaintiff's residual functional capacity, and whether evidence from a vocational expert is warranted, all of which relate to the other issues presented in this appeal.

## V. CONCLUSION

Because the ALJ, at step-two, erred by failing to provide legally sufficient reasons for rejecting the opinions regarding plaintiff's depression, PTSD and stroke, the Court recommends the case be REVERSED and REMANDED for further proceedings consistent with this Report.

On remand, the ALJ should reevaluate the medical evidence regarding plaintiff's mental impairments, reconsider whether plaintiff's impairments meet or equal the listings of mental impairments, and, if necessary, reevaluate plaintiff's residual functional capacity, including calling a vocational expert if warranted. The ALJ should also reevaluate the testimony of the lay witnesses and plaintiff. The ALJ should take any other actions necessary to develop the record. With this information, the ALJ should reassess whether plaintiff's impairments render her disabled for purposes of the Social Security Act. A proposed order accompanies this Report and Recommendation.

DATED this 17th day of July, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge